## STANLEY E. VILLERS

*vs.*

## LOUIS MERIDY

Superior Court     New Haven County     File No. 13762

(At Waterbury)

MEMORANDUM FILED MAY 14, 1941.

*Leon E. McCarthy,* of Ansonia, for the Plaintiff.

*Edward Mascolo,* of Waterbury, for the Defendant.

WYNNE, J.   On the evidence and the physical facts the conclusion is inescapable that Soloman was passing out LaFrance when he saw Villers rounding the bend.   He was going too fast for safety and was in flagrant disregard of the rules of the road.   In the sudden emergency he slammed on his brakes.   The weight of the truck with its load, the speed and the sudden jamming of the brakes brought about the accident. The presence of oil was a mere condition that attended the initial negligence.   It was not a cause of the accident in a legal sense absolving the driver from a manner of driving that was in such reckless disregard of the safety of others on the highway as to be almost wanton in character.   His explanation that he was turning out to avoid getting oil on his truck is a feeble one which the court rejects.

The plaintiff was seriously injured.   There is no gainsaying the physical impairment implicit in the loss of an organ of the human body.   The court finds it easy to accept as sound and conservative the conclusions of Dr. Nahum.   It is not too easy to assess the same in terms of money.

The court finds that the items of special damage amount to slightly over $1,200.   Included in this computation is an item of $50 for car damage only.   This observation is made so that there will be no possibility of complication growing out of any subrogation agreement.   The court estimates the physical injuries as detailed, the pain and suffering, and the dis-

ability and impairment of such magnitude as to entitle the plaintiff, considering his age, expectancy, and probable economic status, to $9,000 as general damages.

Judgment is entered for the plaintiff to recover damages of $10,200.